## No. 148.

### GUSTAVE PITARD *v.* THOS. D. CAREY.

1. This Court cannot disturb a judgment, as between appellees.
2. Where the State, or a representative thereof, has been proceeded against and condemed below, but has abstained from appealing, this Court is without power to disturb the judgment against it, even though it be the Sovereign.
3. Where the State, or any representative thereof, has been garnisheed, the debtor has no right, in his own interest, to raise the question of the Sovereign's exemption from judicial pursuit.
4. It is primarily the province of the Legislature to regulate matters of public policy, and where it has undertaken so to do, the courts must enforce its will.
5. Where the matter of exemptions is regulated by law, the courts are without discretion either to extend or restrict.
6. The rule is that the property of a debtor is the common pledge of all his creditors, and exemptions, being in the nature of exceptions to the general law, will be strictly construed.

19

7. One who does work on a public building, under a contract, is not an *officer*, as contemplated by La. C. C., Art. 1992, nor is the compensation due him *salary*, as contemplated by the same.

8. The sum due such a contractor is, therefore, not exempt from seizure.

9. The term "salary of an office," as used in La. C. C. 1992, etc., applies only to compensation due public officials or employees, for personal service, and payable at fixed rates by the month or year.

*Appeal from Civil District Court. Houston, Judge.*

*W. E. Murphy* and *F. D. Seghers* for plaintiff.

*Geo. L. Bright* and *F. L. Richardson* for defendant, appellant.

McGLOIN, J.—Plaintiff, a judgment creditor of defendant, garnisheed "The Commissioners for the repairs of the State House at Baton Rouge, La." The garnishees excepted, and with reservation answered. The exception sets forth that said commission is but the agent of the State, superintending the distribution of its moneys, and that proceedings against it, intended to reach said fund, are in fact proceedings against the State; (Mechanics' and Traders' Bank *v.* Hodge, 3 Rob. La. 373); which last, as the sovereign, cannot be made to appear before its own courts. The answer shows that defendant Carey, held a contract for glazing upon the State House at Baton Rouge, and has completed his work satisfactorily, and that a balance is still due him of $207.84.

Upon the trial below, the garnishee has made no appearance, and from the judgment against it, condemning it to pay to the plaintiff the sum held for defendant, it has taken no appeal. The only appellant is Thos. D. Carey, the judgment debtor.

We are asked by said appellant to pass upon the issues raised by the exceptions of the garnishee, it being contended that, in cases such as this, courts should, *ex propria motu*, notice the fact that the sovereign is sought to be brought before them, and of their own accord refuse to pass in judgment upon its rights.

Pitard vs. Carey.

Such a consideration might possibly have been urged with propriety upon the judge *a quo* in the effort to prevent the rendition of the decree he has caused to be made; but that judge is not under our control, except under the circumstances pointed out by the Constitution. There may be error in his findings; but if such findings be not in a case *appealable* and *appealed* to this Court, it would be usurpation upon our part to attempt to disturb them.

In view of the fact that garnishee has not chosen to bring this matter before us, but stands towards plaintiff as a co-appellee, and that we are without the power to alter the decree as between appellees, we do not see how we are to interfere. If, in this particular, there is error, it must be remedied, if at all, in some other manner, for the constitution, by its definition of our powers, has not authorized us, at this time and under existing circumstances, to consider it.

We do not think the defendant is interested to present this question upon his own appeal. The sovereignty of the State rests in the whole people and not in any particular individual. The right by which, possibly, in his struggle before the lower court, he might have called to the attention of the judge the fact that the sovereign was being proceeded against without its consent, was one which might be exercised by any citizen as well as himself. And if, for reason of public policy or of official duty, the judge *a quo* had considered himself, of his own motion, compelled to arrest the machinery of justice in this particular case, it would have been for no reason personal to appellant.

Defendant also contends that, as his labor and service was given to the State, public policy requires that the result thereof should be shielded from seizure under execution; and that the same reasoning which justifies the exemption of the salaries of public officers should protect him.

It is certain that, primarily, it is the province of the Legislative department to determine all questions of public policy. The right of the courts to create exemptions, where the express

law has not done so, is, in any case, exceedingly questionable. But, where the law-maker has specially concerned himself with these matters, exempting some things and not others, the Judiciary is bound to respect his will, and refrain from either adding to or subtracting from the lists as he has made them.

La. C. C., Arts. 3182 and 3183, make the property of the debtor the pledge of all his creditors, and bind the debtor to fulfill his engagements " out of his property, movable and immovable, present and future."

We look to various other provisions of law, creating exceptions to this general rule, and if we do not find a particular kind of property expressly mentioned in such exception, we must apply the general law and hold it for the lawful debts of the owner.

The arguments which may be advanced in favor of freeing an employee of the government from the danger, etc., of having his salary seized for debt, have not escaped the legislator. On the contrary, we find included among the express exemptions, " salaries of office" (C. P. 647), and " money due for the salary of an office." C. C. 1992, and Act 17 of 1874, p. 53.

This, of course, applies to salaries due public officials or employees for personal services, payable at fixed rates by the month, or year. Conrey v. Copland, 4 La. An. 307; Vance v. Lafferanderie, 4 Rob. La. 340.

It certainly cannot be made applicable to one who, like defendant, holds no office and receives no salary, but who has contracted to do work and furnish material upon a public building by the job.

Now, as the law, having dealt with this matter, has not included a case like the present within its provisions, we cannot extend it, for, " inclusio unius est exclusio alterius."

The judgment appealed from, so far as the same is subject to our review, is correct, and it is affirmed with costs.